UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, SR., <br><br> Plaintiff, <br><br> v. <br><br> C. WEGMAN, et al., <br><br> Defendants. | Case No.: 1:15-cv-01902 - LJO - JLT <br><br> ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND <br><br> ORDER DENYING PLAINTIFF'S MOTION TO AMEND AS MOOT <br><br> (Doc. 10) |

Plaintiff Ray Lee Vaughn, Sr., asserts his civil rights were violated through the denial of participation in the Jewish Kosher Program at Kern Valley State Prison by C. Wegman, the food supervisor, and Chaplain Bowman. Because Plaintiff fails to identify facts sufficient to support his claims, the complaint is **DISMISSED** with leave to amend.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim. 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir.

1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Section 1983 Claims

An individual may bring a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV.     Factual Allegations

Plaintiff alleges that in March 2014, defendants Wegman and Bowman denied him "the rights as a Jewish inmate to continue participating in the Jewish Kosher Program and services, regardless of his prior approval in compliance with CDCR." (Doc. 1 at 3) Accordingly, Plaintiff contends he has been unable "to practice [his] faith freely." (*Id.*)

## V. Discussion and Analysis

As an initial matter, Plaintiff fails to identify any causes of action in his complaint. For purposes of this screening order only, the Court presumes Plaintiff seeks to state claims for violations of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

### A. First Amendment Violation

The First Amendment provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. . . ." *U.S. Constitution, amend. I.* Inmates "retain protections afforded by the First Amendment," including the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Nevertheless, free-exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct he sincerely believes is mandated by his faith. *Graham v. C.I.R.*, 822 F.2d 844, 850-51 (9th Cir. 1987).

In this case, Plaintiff asserts he has been denied participation in a Jewish Kosher program, which includes a Kosher diet. The Ninth Circuit has held that inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (citation omitted). Consequently, if an inmate is denied accommodation for his diet, the First Amendment may be implicated.

Significantly, however, it is not clear that the defendants had the authority to approve or deny Plaintiff's request for participation in the program. Pursuant to California law, a Jewish Chaplin must determine whether an inmate should receive the kosher diet. Cal. Code. Regs. Title 15, § 3054.2. Specifically, the Regulations provide: "A Jewish Chaplin shall: (1) determine inmate entry into the Jewish kosher diet program, oversee the program, and determine Jewish inmate compliance violations." *Id.* at § 3054.2(g). As food supervisor, defendant Wegman was not empowered to give Plaintiff a kosher diet. (*Id.*) Further, it is not clear from the pleadings whether Bowman was a Jewish Chaplain for Kern Valley State Prison, or empowered to determine whether Plaintiff could participate

in the Jewish Kosher program at the facility.  Consequently, Plaintiff has not alleged facts sufficient to support a claim for a First amendment violation.

### B.     Fourteenth Amendment Violation

The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1.  In essence, this commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Prisoners are protected by the Equal Protection Clause from intentional discrimination based upon their religion. *See, e.g., Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) ("the Equal Protection Clause entitles each prisoner to a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts").

 To state a cognizable claim for a violation of the Equal Protection Clause, a plaintiff in a Section 1983 claim must allege the defendants, "acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).  A "long line of Supreme Court cases make clear that the Equal Protection clause requires proof of discriminatory intent or motive." *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995).  "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original).

Here, Plaintiff fails to allege any facts supporting a conclusion that Defendants discriminated against him, or that Defendants did so *because* he practices the Jewish faith.  Thus, Plaintiff fails to state a claim for a violation of the Equal Protection Clause under the Fourteenth Amendment.

### C.     RLUIPA

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides more stringent protections than those accorded by the First Amendment.  Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA must be "construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier v. Woodford*, 418

F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C. § 2000cc-3(g)).

First, a plaintiff must show that the exercise of his religion is at issue; this includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Next, the plaintiff bears the burden of establishing that the defendant's conduct substantially burdened his religious exercise. *See* 42 U.S.C. § 2000cc-1. Significantly, as discussed above, Plaintiff fails to allege facts supporting the conclusion that Defendants burdened his religious exercise. Accordingly, Plaintiff fails to state a claim for a violation of RLUIPA.

## VI.     Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support claims for constitutional violations. The Court will allow Plaintiff an opportunity to cure the deficiencies identified in this order by providing additional facts to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint;
3. Plaintiff's motion to amend (Doc. 10) is denied as **MOOT**; and

4. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to prosecute and failure to obey the Court's order</u>.

IT IS SO ORDERED.

Dated:   **April 7, 2016**                          **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE