# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, SR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WEGMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01902-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON RELIGION CLAIMS AGAINST DEFENDANTS WEGMAN AND BOWMAN AND THAT DEFENDANT HOWARD AND ALL CLAIMS AGAINST HIM BE DISMISSED**<br><br>**(Doc. 12)**<br><br>**30-DAY DEADLINE** |

　　　　Ray Lee Vaughn, Sr. asserts his civil rights were violated through the denial of participation in the Jewish Kosher Program and Jewish services at Kern Valley State Prison by C. Wegman, the food supervisor, Pentecostal Chaplain Bowman, and Muslim Imam M. Howard. Plaintiff has stated cognizable claims against Wegman and Chaplain Bowman for violation of his religious rights, but, despite being given specific direction in the prior screening order, failed to link Imam Howard to any of his factual allegations. Thus, the Court recommends that Plaintiff be allowed to proceed on his religious claims against Defendants Wegman and Bowman, and that Imam Howard and all claims against him be dismissed with prejudice.

**I.　　Findings**

　　　　**A.　　Screening Requirement**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.     Factual Allegations**

Plaintiff names Food Manager C. Wegman, Pentecostal Chaplain Bowman, and Muslim Imam M. Howard as defendants in this action.

Plaintiff's first claim is for deprivation of a Kosher diet. (Doc. 12, pp. 3-4.) Under this claim, Plaintiff alleges that upon arrival at KVSP, his previously approved 3030 Kosher meal form was sent to Wegman who "started the process." Since there is no Rabbi at KVSP, Wegman sent Chaplain Bowman to interview Plaintiff. Plaintiff alleges that Bowman saw that Plaintiff is a Black-Hebrew-Jewish inmate and refused to approve his Kosher meal request -- despite 20 years of prior approval. Wegman thereafter sent him a stamped signed memorandum denying his request. Plaintiff alleges that, based on CDCR rules and regulations, he only needs to be

approved once by a Rabbi. Plaintiff has never been interviewed by a Rabbi since being at KVSP, but he alleges that inmates are only required to be approved once and the CDCR practice is to honor the prior approval. Plaintiff alleges there are a number of other inmates that have been approved without a Rabbi at KVSP.

Plaintiff's second claim is for denial of access to Jewish services. (Doc. 12, pp. 4-5.) Under this claim, Plaintiff alleges that he has made several requests to be allowed to attend Jewish services, but that Chaplain Bowman has denied him every time, or simply removed Plaintiff's name from the list. Plaintiff alleges that Wegman has "taken the matter upon herself to regulate the religious services list when this is not her job" and that she has even placed Plaintiff "on other list [sic] for pure amusement and manipulation." Plaintiff also alleges that Wegman and Chaplain Bowman have denied him "the Pass Over" which he asserts is "the most important cleansing and fasting part" of his religion. Plaintiff alleges he has been "forced to eat only the peanut butter and jelly items mostly."

Plaintiff seeks injunctive relief to be transferred to a prison that will accommodate his Jewish Kosher meal needs or that he be able to receive Jewish Kosher meals at KVSP, and that he be reimbursed for denied past Kosher meals at KVSP. As in his original pleading, Plaintiff fails to identify any causes of action in his First Amended Complaint. Thus, the Court again presumes that Plaintiff seeks to state claims for violations of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

### C. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

**2. Linkage Requirement**

To state a claim under 42 U.S.C. § 1983 there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

4

1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); . *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934.

Plaintiff names but fails to link Imam Howard to any of his factual allegations, so it is completely known whether Plaintiff intends liability by Imam Howard for ecclesiastical decisions, or for state action. However, to the extent that Plaintiff's claims against Imam Howard are ecclesiastical, Imam Howard would not be a state actor for liability under § 1983. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Since Plaintiff fails to link Imam Howard to any of his factual allegations, despite being given this legal standard and notified of this deficiency in the prior screening order, Imam Howard and all claims against him should be dismissed with prejudice.

### D.     **Religion Claims**

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Cruz v.*

5

*Beto*, 405 U.S. 319, 322 (1972) (per curiam)). However, " '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " *Id*. (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).

### 1. First Amendment -- Free Exercise

The First Amendment is applicable to state action by incorporation through the Fourteenth Amendment. *Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 8 (1947). "The right to exercise religious practices and beliefs does not terminate at the prison door[,]" *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)), but a prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration," *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir.1993) (citing *O'Lone*, 482 U.S. at 348). The Free Exercise Clause of the First Amendment is "not limited to beliefs which are shared by all of the members of a religious sect." *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015) (quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 715-716 (1981)).

A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987), aff'd sub nom. *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir.2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir.2006) (internal quotation marks and alterations omitted)).

"To ensure that courts afford appropriate deference to prison officials," the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349, 107 S.Ct. 2400. The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id*. (quoting

*Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015).

Plaintiff alleges that for 20 years prior to arriving at KVSP, he had been approved to receive Kosher meals and to attend Jewish services. He alleges that since arriving at KVSP, Wegman and Chaplain Bowman have refused to approve his placement on the lists to receive Kosher meals and to attend Jewish services. He asserts that this is contrary to the CDCR practice of honoring an inmate's prior approval. Plaintiff states that there are lists of inmates who are to receive Kosher meals and for those who are to attend Jewish services, but that Chaplain Bowman has denied him access to Jewish services, or simply removed Plaintiff's name from the list and Wegman has even placed Plaintiff on other lists "for pure amusement and manipulation." Both Chaplain Bowman and Wegman have refused to place Plaintiff on the list for Kosher meals, so he has had to purchase foods that comply with Jewish Kosher requirements. Further, as a result of their actions, Wegman and Chaplain Bowman have prevented Plaintiff from participating in Passover, which is the most important cleansing and fasting part of his religion. This states a cognizable claim against Wegman and Chaplain Bowman for deprivation of Plaintiff's free exercise rights under the First Amendment.

### 2. RLUIPA

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. § 2000cc-1. RLUIPA protects " 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief,' §2000cc-5(7)(A), but of course, a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ---, 134 S.Ct. 2751, 2774, n. 28 (2014)). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). Like the Free Exercise Clause of the First Amendment, RLUIPA is "not limited to beliefs which are shared by all of the members of a religious sect." *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015)

(quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 715-716 (1981)).

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government shows that the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering . . . that interest." 42 U.S.C. § 2000cc–1(a) (2012).

A "substantial burden" occurs "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir.2005) (alteration in original) (quotation omitted). RLUIPA provides greater protection than the First Amendment's alternative means test. *Holt* , 135 S.Ct. at 862. "RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.* Plaintiff's allegations that Wegman and Chaplain Bowman intentionally deprived him of Kosher meals and access to Jewish services, as discussed under the First Amendment, suffice to show that their actions substantially burdened his religious exercise.

"Context matters in the application" of the compelling governmental interest standard. *Cutter v. Wilkinson*, 544 U.S. 709, 722–23 (2005) (alteration in original) (internal quotation and citation omitted). "RLUIPA contemplates a " ' "more focused" ' " inquiry and " ' "requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person' -- the particular claimant whose sincere exercise of religion is being substantially burdened." ' " *Holt*, 135 S.Ct. at 863 (quoting *Hobby Lobby*, 134 S.Ct., at 2779 (quoting *Gonzales v. O Centro Espirita Beneficiente Unio do Vegetal*, 546 U.S. 418, 430-431 (2006) (quoting § 2000bb–1(b)))). RLUIPA requires courts to " 'scrutiniz[e] the asserted harm of granting specific exemptions to particular religious claimants' " and "to look to the marginal interest in enforcing" the challenged government action in that particular context. *Hobby Lobby*, 134 S.Ct., at 2779 (quoting *O Centro*, 126 S.Ct. 1211; alteration in original).

"The least-restrictive-means standard is exceptionally demanding," and it requires the government to "sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y]." *Hobby Lobby*, 134 S.Ct., at 2780. "[I]f a less restrictive means is available for the Government to achieve its goals, the Government must use it." *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 815, 120 S.Ct. 1878 (2000).

Plaintiff's allegations that Chaplain Bowman infringed on Plaintiff's religious exercise because Plaintiff is a "Black-Hebrew-Jewish inmate" and that Wegman "[took] the matter upon herself to regulate the religious services list [to prevent his attendance] when this is not her job" and even placed Plaintiff on the wrong lists "for pure amusement and manipulation," suffice to show that their actions were not in furtherance of a compelling government interest which state cognizable RLUIPA claims.

However, damages claims are not available under the RLUIPA against prison officials in either their individual capacity, *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014); nor in their official capacity because of sovereign immunity, *Sossamon v. Texas*, --- U.S. ---, 131 S.Ct. 1651 (2011); *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012). Thus, while Plaintiff may proceed against Wegman and Chaplain Bowman on claims under RLUIPA for injunctive relief, he may only proceed for injunctive relief and not for monetary damages on those claims.

### 3. Fourteenth Amendment -- Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030-31 (9th Cir. 2013) quoting *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir.2008) (citation omitted). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz*, 405 U.S. at 322 n. 2; *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).

To prevail on an Equal Protection claim brought under § 1983, a plaintiff must show either that he was intentionally discriminated against on the basis of his membership in a protected class, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005), or that similarly situated individuals were intentionally treated differently for no rational basis. *Village*

*of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 75 F.3d 936, 944 (9th Cir. 2004). The first step in determining whether prison officials violated an inmate's right to equal protection is to identify the relevant class to which he belonged. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.2005). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* at 1167.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

Plaintiff alleges that Chaplain Bowman's actions were racially motivated since he is a "Black-Hebrew-Jewish inmate." Plaintiff also alleges that there are a number of other inmates who were approved to receive Kosher meals prior to being transferred to KVSP, whom have been approved for and receive Kosher meals without being interviewed by a Rabbi at KVSP. Plaintiff further alleges that when he arrived at KVSP, a correctional officer obtained a copy of Plaintiff's "approved 3030 Kosher meal form and contract" from his C-file and "started the process" in compliance with the regular practice to honor a prior religious approval from prison to prison within CDCR. Leniently construed, this states a cognizable claim against both Wegman and Chaplain Bowman for denying Plaintiff continued approval for Kosher meals and Jewish services since KVSP has "in place a system of individual exemptions" that should have been extended to Plaintiff. *Smith*, 494 U.S. at 538.

///

**II.     Recommendations**

Plaintiff has stated cognizable claims upon which he should be allowed to proceed against Defendants Wegman and Chaplain Bowman for violation of his religious rights under the First Amendment, RLUIPA, and the Equal Protection Clause.  However, despite prior direction, Plaintiff fails to link Imam Howard to *any* of his factual allegations.  Thus, it appears the deficiencies in Plaintiff's pleading are not capable of being cured through amendment which would make subsequent leave to amend futile, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and Plaintiff need not be given leave to amend his section 1983 claims.

Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. That this action proceed on Plaintiff's First Amended Complaint on Plaintiff's claims against Defendants Wegman and Chaplain Bowman for deprivation of Plaintiff's religious rights under the First Amendment, RLUIPA, and the Equal Protection Clause by prohibiting his access to Kosher meals and Jewish services;
2. Defendant Imam Howard and all claims against him be dismissed with prejudice from this action based on Plaintiff's failure to state cognizable claims under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **May 1, 2017**                              **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE