# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, Sr.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WEGMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01902-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION**<br><br>**(Doc. 13)** |

　　　　Plaintiff, Ray Lee Vaughn, Sr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 2, 2017, the Magistrate Judge screened the First Amended Complaint and filed a Findings and Recommendation that Plaintiff proceed on his religion claims against Defendants Wegman and Chaplain Bowman, and to dismiss Defendant Imam Howard since not linked to Plaintiff's factual allegations. (Doc. 13.) The Findings and Recommendation was served on Plaintiff and contained notice that objections to the Findings and Recommendations were to be filed within thirty days. (*Id.*) Plaintiff's objections were filed on May 23, 2017. (Doc. 14.)

　　　　Plaintiff objects to dismissal of Defendant Howard and contends that he filed the inmate appeal which is attached as an exhibit to the First Amended Complaint against Defendants Wegman, Chaplain Bowman, and Imam Howard. (Doc. 14, p. 2.) Plaintiff was warned in the order that screened his original Complaint and granted him leave to file the First Amended Complaint that his allegations must show he suffered a specific injury and the causal relationship between the defendant's conduct and the injury suffered. (Doc. 11, p. 3, (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).) Merely attaching an exhibit to a pleading does not suffice.

　　　　Further, Plaintiff filed the inmate appeal which he attached to the First Amended

1

Complaint solely against Defendants Wegman and Chaplain Bowman -- Plaintiff did not mention Imam Howard. (*See* Doc. 12, pp. 11.) Though Imam Howard is mentioned in the Third Level Decision as the person who interviewed Plaintiff at the First and Second Levels, Plaintiff does not complain of Imam Howard's conduct at all in the inmate appeal. (*Id.*) Likewise, according to the Third Level Decision, Imam Howard's interview of Plaintiff at the Second Level Review resulted in Plaintiff's appeal being partially granted as his "Religious Diet Request would be forwarded to Jewish Rabbi P. Shleffar for consideration." (*Id.*, p. 6.) Thus, the inmate appeal that Plaintiff points to does not show that Imam Howard infringed on Plaintiff's exercise of his sincerely held religious beliefs. Further leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, that issued on May 2, 2017, is adopted in full:
2. This action shall proceed on Plaintiff's First Amended Complaint, against Defendants Wegman and Chaplain Bowman for deprivation of Plaintiff's religious rights under the First Amendment, RLUIPA, and the Equal Protection Clause by prohibiting his access to Kosher meals and Jewish services; and
3. Defendant Imam Howard and all claims against him are dismissed with prejudice.
4. The action is referred to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated: **June 1, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE