# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, Sr., <br><br> Plaintiff, <br><br> v. <br><br> C. WEGMAN, et al., <br><br> Defendants. | **Case No. 1:15-cv-01902-LJO-JLT (PC)** <br><br> **ORDER STRIKING PLAINTIF'S SUPPLEMENTAL BRIEFS TO FIRST AMENDED COMPLAINT AND EXHIBITS** <br><br> **(Docs. 31, 40)** |

Plaintiff is currently proceeding on his claims under 42 U.S.C. § 1983 in the First Amended Complaint, which was filed on May 2, 2016. (Doc. 12.) Plaintiff has filed two documents described as supplemental briefs to his pleading. (Docs. 31, 40.) In the first, Plaintiff enclosed the Third Level Response to his inmate appeal on the issues in this action and states that he spoke with the librarian at his facility and discovered that it was not copied and attached to the First Amended Complaint. (Doc. 31.) In the second, Plaintiff attaches a declaration of another inmate who is an Aryan of the Irminen-Wotonist faith which Plaintiff indicates supports his racially based claim in this action and shows how easily a non-Jewish White inmate can get a Kosher Jewish meal while he, an already approved Jewish Black inmate, was denied them for over three years. (Doc. 40.)

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the

1

date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Here, though Plaintiff has labeled each of these documents as supplemental briefs to his pleading, their purpose is not to supplant his allegations with new incidents or occurrences, but rather to bolster his existing allegations with additional exhibits/evidence. The First Informational Order, issued on December 22, 2015, informed Plaintiff that:

> The Court will not serve as a repository for evidence. The parties may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. Evidence improperly submitted to the Court may be stricken/returned. Similarly, a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint. For Court screening purposes, facts stated in complaints are accepted as true.

(Doc. 3, p.3, ¶ J.) Plaintiff will have opportunity to present evidence such as the documents contained in his supplemental briefs in response to defense motions, if any are filed, and/or at the trial of this action, if the case proceeds that far. While both would have been acceptable if attached as exhibits to the First Amended Complaint, neither is essential to the cognizability of Plaintiff's claims and there is no issue currently pending before the Court to require their submittal at this time.

Accordingly, Plaintiff's supplemental briefs, filed on September 5, 2017 (Doc. 31) and December 26, 2017 (Doc. 40), are **STRICKEN** from the record in this action and Plaintiff SHALL NOT submit any further evidence except in response to motions or the Court's request.

IT IS SO ORDERED.

Dated: **January 2, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE