# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, Sr.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WEGMAN, et al.,<br><br>　　　　Defendants. | 1:15-cv-01902-LJO-JLT (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**<br><br>(Doc. 42)<br><br>**30-DAY DEADLINE** |

**I.  Background**

Defendant Wegman filed a motion to compel Plaintiff to verify his interrogatory responses and to produce the two of the three inmate declarations which Plaintiff mentioned he was acquiring during his deposition. (Doc. 44.)

**II.  Motion to Compel Discovery**

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil litigation in general. The party responding to discovery requests shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor.

1

Further, the responding party has a duty to supplement any previously provided responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

The Discovery and Scheduling Order limits the parties to 25 interrogatories as permitted by Federal Rule of Civil Procedure 33; 25 requests for admission made according to Federal Rule of Civil Procedure 36; and 25 requests for production made according to Federal Rule of Civil Procedure 34.

If the responding party objects to a discovery request, it is the moving party's burden, in a motion to compel, to demonstrate why the objection is not justified. In general, the moving party must inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, inform the Court why the information sought is relevant, why the response is deficient, and why any objections stated are not justified.

### A. Responses to Interrogatories

Parties may propound interrogatories on other parties in an action. Fed. R. Civ. P. 33. The responding party is obligated to respond to the interrogatories to the fullest extent possible, in writing, under oath ("verified"). Fed. R. Civ. P. 33(b)(3). Defendant's motion shows that, though Plaintiff responded to Defendant's interrogatories, he did not do so under oath. (Doc. 44, pp. 97-99.) While Plaintiff filed an opposition, he did not address whether his interrogatory responses were verified. (*See* Doc. 43.) Defendant is entitled to discovery responses from Plaintiff which are signed under penalty of perjury and her motion to compel thereon is **GRANTED**. Thus, Plaintiff must verify his responses[1] to Defendant's interrogatories.

### B. Production of Documents

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the

---

[1] Plaintiff may not change his responses to Defendant's interrogatories. He should simply write out on a separate piece of paper that his responses to Defendant's First Set of Interrogatories are true and correct and should thereafter sign it underneath the statement "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

2

"possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995).

> **REQUEST FOR PRODUCTION NO. 1:**
> Please produce the list of inmates, referred to in your First Amended Complaint, that have been approved for a Kosher diet at Kern Valley State Prison without a Rabbi and through Defendant Wegman.
>
> **RESPONSE TO REQUEST NO. 1:**
> Objections, Defendant's are well aware of Department of Corrections policies (D.O.M. (See Attached Exhibit #1) 101080.3 Warden's responsibility in the event of unavailability of a Rabbi or other Jewish representative is to designate the resource manager to review and recommend action on all request in this regard. Plaintiff's response is: There is a process in which he must follow to obtain permission to use the requested list. Plaintiff seeks this information. Also this information is also available to the Defendant's.

Defense counsel indicates that she is not in possession of the alleged list that Plaintiff identified his FAC. (Brattin Decl. Ex. A, at ¶ 4.) Defendant contends there is no such list because she does not have the authority to approve inmates for Kosher diets. (Doc. 42, p. 3.) However, as Defendant correctly notes, Plaintiff alleged the FAC that he was in possession of such a list. (Doc. 12, FAC, p. 4.)

> **REQUEST FOR PRODUCTION NO. 2:**
> Please produce any and all declaration, referred to during your deposition, by inmates in support of your allegations in the First Amended Complaint.
>
> **RESPONSE TO REQUEST NO. 2:**
> Objections, Defendant's made copies of existing declaration in support of the First Amended Complaint during the deposition and was made aware of the fact that as other declarations are completed they would be supplemented to the Complaint and turned over to Defendants also at the time of submittal. (See attached Exhibit #2) for recent declaration submittal.

Defense counsel indicates that in his deposition, Plaintiff specifically referred to three declarations he was working on at that time, in October 2017. (Pl.'s Depo. Ex. B, at 65:20-23.) Defendant received two declarations in response to her discovery requests – one from Joaquin Bell and one from Raymond Springs; however, the declaration from Mr. Springs was produced during the deposition, and was the only inmate declaration produced during the deposition. (Pl.'s Depo. Ex. B, at 16:22-17:14.)

Plaintiff opposes Defendant's motion stating that he "responded timely and completely to the best of his ability with everything in his possession, any other information unavailable to Plaintiff, can not (sic) be turned over unless permission is given. As per Court requirements and CDC Regulations." (Doc. 43.)

Plaintiff's response to RFP No. 1, contrary to his allegations in the FAC, appears to indicate that there is a list of inmates that have been approved for Kosher diets at KVSP without a Rabbi through Defendant Wegman, but that Plaintiff does not have a copy of it. Defendant contends that because she does not have that authority, no such list exists. Plaintiff's response to RFP No. 1 that there is a process which must be followed to obtain permission to use the requested list is at best insufficient, at worst evasive. An evasive or incomplete disclosure, answer, or response to a discovery request must be treated as a failure to disclose, answer, or respond. Fed.Civ.Pro.R. 37(a)(4). Accordingly, Defendant's motion to compel further response to RFP No. 1 is **GRANTED**. Plaintiff must produce the list of inmates that have been approved for Kosher diets at KVSP without a Rabbi through Defendant Wegman which he alleged to be in possession of in the FAC. (*See* Doc. 12, FAC, p. 4.) Plaintiff is advised that his failure to produce that list to Defendant within 30 days of the date of this order may result in its prohibition from use in this action and the last five lines of Claim 1 in the FAC may be **STRICKEN** from this action

Plaintiff's response to RFP No. 2 indicates that he will produce copies of other declarations as they are completed, which complies with the continuing duty of disclosure under Rule 26. However, Plaintiff may not retain any such declarations indefinitely or spring them on Defendant in response to a dispositive motion after discovery closes. Accordingly, Defendant's motion to compel further response to RFP No. 1 is **GRANTED**. If Plaintiff has any additional declarations responsive to RFP No. 2 in his possession, he shall produce copies thereof to Defendant within 30 days of the date of this order. Failure to do so may result in prohibition of any such declarations or testimony from inmate witnesses thereon in this action.

///

///

### III. Conclusion

Accordingly, the Court **ORDERS**:

(1) Defendant's motion to compel, filed on February 9, 2018 (Doc. 44), is **GRANTED;** and

(2) Plaintiff **SHALL** serve a verification for his responses to Defendant's interrogatories and all document production as discussed herein, within **30 days** of the date of service of this order.

IT IS SO ORDERED.

Dated: __March 21, 2018__    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE