# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, SR., <br><br> Plaintiff, <br><br> v. <br><br> WEGMAN, et al., <br><br> Defendants. | Case No. 1:15-cv-01902-LJO-JLT (PC) <br><br> **ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY and WRIT OF MANDAMUS** <br><br> **(Docs. 37, 38)** |

**I.     Plaintiff's Motion to Compel**

Plaintiff filed a motion seeking to compel responses to his propounded discovery from Defendant Wegman. (Doc. 38) Defendant filed an opposition indicating timely responses were provided to Plaintiff's discovery. (Doc. 29.) Plaintiff has not filed a reply, or otherwise contradicted the representations in Defendant's opposition. Plaintiff served his discovery on Defendant on October 30, 2017. Defendant served responses on Plaintiff on December 13, 2017 -- within the 45 day deadline set by the Discovery and Scheduling Order. Plaintiff gave his motion to compel to custody staff for mailing on December 10, 2017 and it was received and filed on December 18, 2017. Thus, Plaintiff's motion to compel was premature, and has apparently been rendered moot.

**II.    Plaintiff's Writ of Mandamus**

Plaintiff also filed a document titled "Writ of Mandamus" in which he seeks an order

1

compelling production of the information and forwarding address of Defendant Bowman. (Doc. 37.) Defendant did not file a response.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy granted in the court's sound discretion," *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (citation omitted), and three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (1) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available, *id.* (citation and quotation marks omitted); *accord Stafford v. Briggs*, 444 U.S. 527, 533-36 (1980); *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).

Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir. 1991) (Imposing no filing *in forma pauperis* order), *cert. denied*, 111 S.Ct. 1082 (1991); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion,* 673 F.2d 1337 (9th Cir. 1982). Plaintiff cites no authority for this Court to compel an officer or employee of the State of California to perform any specific task, even the ministerial duties of their given position, and the Court finds none.

The Court also notes that the issue of locating Defendant Bowman for service of process is not new. When standard service procedures failed, at the Court's behest, defense counsel contacted the CDCR and provided Defendant Bowman's last known address to the U.S. Marshals Service. (*See* Docs. 19, 20, 22, 24, 30, 32, 33.) Service was attempted at that address, but Defendant Bowman has not been able to be located to be served with a summons and a copy of the First Amended Complaint. (*See* Docs. 33, 34, 35.)

The most recent unexecuted summons filed by the U.S. Marshals Service indicates that defendant Bowman left the state in 2015 and that the phone number provided has been disconnected. (Doc. 35.) Hence, on November 13, 2017, Plaintiff was given a final opportunity to provide additional information as to where Defendant Bowman may be located so that service may be accomplished. (Doc. 36.) In response, Plaintiff filed the Writ of Mandamus. (Doc. 37.) All information on Defendant Bowman's whereabouts known to the CDCR and defense counsel has been already been provided and utilized, albeit without success. Plaintiff's "writ of mandamus" fails to describe what further information he believes exists, or a basis upon which to find that it might provide additional information on Defendant Bowman's whereabouts for service of process, and the Court finds none.

### III.  **Order**

Accordingly, Plaintiff's motion to compel further discovery responses, filed on December 18, 2017 (Doc. 38), is disregarded since moot and his petition for writ of mandamus, filed on December 4, 2018 (Doc. 37), is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 21, 2018**          /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE