# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, SR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WEGMAN, et al.,<br><br>　　　　Defendants. | **Case No. 1:15-cv-01902-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT BOWMAN PURSUANT TO RULE 4(M)**<br><br>**(Docs. 18, 19, 20, 26, 34, 35, 36)**<br><br>**21-DAY DEADLINE** |

**I.　FINDINGS**

　　**A.　Procedural History**

　　The United States Marshals Service has repeatedly attempted service on Defendant Bowman -- most recently using the last known address and phone number defense counsel obtained from the CDCR but was unable to complete it. (Doc. 35.) The unexecuted summons indicates that Defendant Bowman left the state in 2015 and that the phone number provided has been disconnected. (*Id.*) Thus, on November 13, 2017, Plaintiff was provided a final opportunity to provide additional information as to where Defendant Bowman may be located so that service might be accomplished. (Doc. 36.) Rather than provide further logistical information, Plaintiff filed a writ of mandamus[1] seeking an order compelling the CDCR to produce information and the

---

[1] Plaintiff's request for a writ of mandamus is denied by concurrently issued order.

1

forwarding address of Defendant Bowman. (Doc. 37.) It thus appears that Plaintiff has no further information to provide with which to locate Defendant Bowman for service such that Defendant Bowman should be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**B.     Legal Standard**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

**C.     Analysis**

The Marshal's Office has exhausted the avenues available to it in attempting to locate Defendant Bowman for service. *Walker*, 14 F.3d at 1421-22. This action has been pending for over two years and the dispositive motion filing deadline for all parties in the action is approaching on March 30, 2018. (Doc. 25.) Plaintiff's time for identifying and serving

Defendant Bowman has been extended well beyond the 120 days from the filing of the First Complaint, on May 2, 2016, as allowed in Rule 4(m). (Doc. 12.)

While good cause initially existed to allow extension beyond the 120 day service deadline of Rule 4(m), there is no good cause to extend the time for service of Defendant Bowman any further. It is Plaintiff's obligation to provide information necessary to identify and locate a given defendant. This Plaintiff has not done and apparently admits that he is unable to do. Good cause does not exist to extend the time for service of the operative complaint in this action on Defendant Bowman any further.

## II. CONCLUSION

Plaintiff has failed and is unable to provide sufficient information upon which to locate Defendant Bowman for service of a summons in this action. Good cause does not exist to grant further extension. Fed. R. Civ. P. 4(m). Accordingly, the Court RECOMMENDS that Defendant Bowman and all claims against him be dismissed without prejudice from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 21, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE