# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, Sr., <br><br> Plaintiff, <br><br> v. <br><br> WEGMAN, et al., <br><br> Defendants. | Case No. 1:15-cv-01902-LJO-JLT (PC) <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION DISMISSING DEFENDANT BOWMAN PURSUANT TO FRCP 4(m)** <br><br> **(Doc. 49)** |

Plaintiff, Ray Lee Vaughn, Sr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 21, 2018, the Magistrate Judge issued a Findings and Recommendation to dismiss Defendant Bowman based on Plaintiff's inability to locate Defendant Bowman for service of process pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 49.) The Findings and Recommendation was served that same day and contained notice that objections were to be filed within twenty-one days. (*Id.*) Plaintiff filed objections in which he contends that the CDCR is intentionally withholding[1] Defendant Bowman's last known forwarding address and that a private investigator should be hired to locate him. (Doc. 50.)

As stated in the order that provided Plaintiff final opportunity to submit information with which to located Defendant Bowman, the United States Marshals Service attempted service on defendant Bowman, using the last known address and phone number defense counsel obtained from the CDCR, but was unable to complete service. (Doc. 36.) The Marshals' most recent unexecuted summons indicates that Defendant Bowman left the state in 2015 and that his phone number had been disconnected. (Doc. 35.) Coupled with the information in the first unexecuted

---

[1] Plaintiff submits no evidence to support this contention.

1

summons indicating that Defendant Bowman resigned "a couple of years ago" (Doc. 19) suffices to show that the Marshal's Office has exhausted the avenues available to it in attempting to locate Defendant Bowman for service. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). Plaintiff is not entitled to a private investigator at tax-payers' expense. While good cause initially existed to allow extension beyond the 120 day service deadline of Rule 4(m), it does not exist for further extension of time for service of Defendant Bowman.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on March 21, 2018, is adopted in full;
2. Defendant Chaplain Bowman is DISMISSED from this action; and
3. The Clerk of the Court is directed to rename this action "Vaughn, Sr., v. Wegman."

IT IS SO ORDERED.

Dated: **April 5, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE