# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN, Sr., <br><br> Plaintiff, <br><br> v. <br><br> WEGMAN, <br><br> Defendant. | Case No. 1:15-cv-01902-LJO-JLT (PC) <br><br> **ORDER ON PLAINTIFF'S REQUEST TO POSTPONE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and MOTION FOR COPY OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **(Docs. 59, 64)** |

**I.  Background**

The Court issued the Discovery and Scheduling Order on August 29, 2017, which set January 29, 2018 as the deadline for completion of discovery and March 30, 2018 as the dispositive motion deadline. (Doc. 25.) Before the discovery deadline lapsed, both sides of this action filed motions to compel further discovery responses from each other.

Wegman filed a motion to compel Plaintiff to verify his interrogatory responses and to produce the two of the three inmate declarations which Plaintiff mentioned he was acquiring during his deposition. (Doc. 44.) The Court granted this motion and directed Plaintiff to serve the requested items on Defendant. (Doc. 47.)[1]

Plaintiff also filed a motion seeking to compel responses to his propounded discovery

---
[1] On April 2, 2018, Plaintiff filed a document describing itself as a reply to the Court's order granting Defendant's motion to compel, and stated that he had produced the items as directed and enclosed copies. (Doc. 53.)

1

from Defendant. (Doc. 38) Defendant filed an opposition indicating timely responses were provided to Plaintiff's discovery. (Doc. 39.) Plaintiff did not file a reply or otherwise contradict the representations in Defendant's opposition.

The defendant demonstrated that Plaintiff served his discovery on October 30, 2017. Defendant served responses on Plaintiff on December 13, 2017 -- within the 45 day deadline set by the Discovery and Scheduling Order. Plaintiff gave his motion to compel to custody staff for mailing on December 10, 2017. Thus, the Court disregarded the plaintiff's motion as moot. (Doc. 48.)

On March 26, 2018, Defendant filed a motion for summary judgment. (Doc. 50) A fw days later, the Court advised Plaintiff of the requirements to oppose or postpone Defendant's motion. (Doc. 51.) On April 9, 2018, Plaintiff filed a motion requesting consideration of Defendant's summary judgment motion be postponed. (Doc. 59.) Defendant filed an opposition (Doc. 63), but Plaintiff did not file a reply.

On April 30, 2018, Plaintiff filed a document titled, "Motion for First Copy of Defendant's Motion for Summary Judgment, and Statement of Opposition." (Doc. 64.) However, in this document, Plaintiff merely acknowledges receipt of the Second Informational Order, submits copies of his "corrected," verified responses to Defendant's interrogatories, and requests "please send receipt of copy of defendant's motion." Despite lapse of more than the allowed time, Defendant has not responded in any way to this motion.

**II.     Postponement of Summary Judgment Motion**

In his motion seeking to postpone consideration of Defendant's motion for summary judgment, Plaintiff states that he needs the "true list of inmates attending services" as it "will show that there are many inmates approved without a rabbi," through Defendant and that it "will also prove that the inmates attending were and is predominately white Jewish inmates." (Doc. 59, p. 2.) Plaintiff provides no evidence to support these assertions, nor does he provide any basis to find that he has personal knowledge of these matters for the Court to accept his statements of prison procedures as true. Plaintiff also requests further discovery and indicates that he needs the "list of Jewish inmates that were approved from 2014 to 2017 without a rabbi" through Defendant

for "all of Kern Valley State Prison instead of one yard where Plaintiff used to reside." (*Id.*, at p. 3.) Plaintiff indicates that he does not have access to this information other than via production from Defendant. (*Id.*) Plaintiff also contends that the list exists since the Warden "designated" Defendant to handle Jewish meal approval. (*Id.*) Plaintiff states that he merely needs to know whether any inmates were approved during Defendant's management of Jewish meals. (*Id.*) To this end, Plaintiff attaches numerous "Attendance Sheets" for "Facility 'D' Chapel" for Jewish services that Defendant apparently produced in discovery, on which all information identifying inmates has been blacked out.[2] (*See id.*, at pp. 5-90.)

In opposition, Defendant correctly points out that Plaintiff's motion is, in essence, a motion to compel further discovery and/or to be allowed to reopen discovery. Defendant acknowledges that the attendance lists produced were heavily redacted, but contends this was because providing information identifying inmates who are not parties to a lawsuit and the dates and times they attend religious services can cause safety and security issues for inmates and staff alike. (Doc. 63, p. 3.) Defendant's evidence also shows that: Plaintiff has previously declared under the penalty of perjury that he already possesses a "list of inmates that have been approved here without a Rabbi and through C. Wegman," (*Id.*, at p. 4, citing Doc. 12, p. 4); that the redacted documents at issue are attendance lists for Jewish services, which do not contain the inmate's race or who "approved" them to attend services, such that un-redacted copies would not be relevant and should not be produced due to safety concerns as stated in Defendant's objections to Plaintiff's Request for Production No. 2, Set One. (*id.*, pp. 6-7); and that Plaintiff did not request a document of "Jewish inmates that have been approved without a Rabbi and through C. Wegman," nor did Plaintiff request any such list in his Request for Production of Documents, and Defendant contends that no such document exists (Doc. 59 at 3:10-12; Doc. 42-1 at 3:13-16; Pl.'s Req. for Prod. Docs., Set One, Ex. B). Plaintiff did not file a reply to Defendant's opposition.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

---

[2] Some of these documents had no redactions and did not contain any inmate information since services, but rather reflected that services were cancelled for reasons such as fog, modified programming, or repairs within the chapel. (*See e.g.*, Doc. 59, pp. 9, 21, 23, 28, 31.)

3

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Plaintiff makes no showing that the lists he seeks, pertaining to inmates approved through Defendant without a Rabbi, actually exists; nor does he show how any such list would prevent summary judgment. Plaintiff's bare desire to propound additional request for production of documents before responding to Defendant's motion does not entitle him to relief under Rule 56(d). *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation). Additionally, to allow Plaintiff to propound further discovery for the lists that he desires, the Discovery and Scheduling Order would have to be modified since the deadline for completion of discovery lapsed on January 29, 2018. (*See* Doc. 25.) For the reasons that follow, Plaintiff does not prevail even if his motion is construed as seeking to reopen discovery.

### A. **Modification of Scheduling Orders**

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for joinder of parties, amending the pleadings, discovery, and filing of motions. Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d). Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Id*. Parties must "diligently attempt to adhere to that

schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4).

Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Moreover, this Court's Local Rule 144(d) requires a party to seek extension of the deadline as soon as the need becomes apparent. *See also Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (ED CA. 2008).

The Court cannot find Plaintiff has acted diligently because he delayed propounding discovery for two months after discovery opened. Furthermore, Plaintiff did not take any action regarding the claimed deficiencies in Defendant's production of documents until after Defendant filed for summary judgment – which was roughly *four months* after Defendant served the redacted lists of inmate service attendance on Plaintiff. (*Compare* Doc. 39 with Docs. 50 and. 59.) Thus, discovery will not be reopened because Plaintiff fails to show that he diligently pursued discovery and cannot show that he sought an extension of the discovery deadline as soon as the need became apparent.

III. **Copy of Defendant's Motion for Summary Judgment**

On April 30, 2018, Plaintiff filed a document titled, "Motion for First Copy of Defendant's Motion for Summary Judgment, and Statement of Opposition." (Doc. 64.) However, in this document, Plaintiff merely acknowledges receipt of the Second Informational

Order, submits copies of his "corrected" and verified responses to Defendant's interrogatories and requests for production of documents,[3] and requests "please send receipt of copy of defendant's motion." (*Id.*)

Previously, on April 6, 2018, Plaintiff filed a motion for additional time to respond to Defendant's motion for summary judgment and requested a copy of it. (Doc. 56.) Review of Defendant's motion revealed that it was originally sent to Plaintiff's old address of record at KVSP (Doc. 50), rather than MCSP, which has been his address of record in this action since March 1, 2018 (Doc. 45). Thus, the Court ordered Defendant to serve the motion on Plaintiff at MCSP and Plaintiff was given until May 30, 2018 to file an opposition or statement of non-opposition thereto. (Doc. 58.) A few days after that order issued, Defendant filed a notice of compliance indicating service of the motion on Plaintiff at MCSP had been accomplished, (Doc. 60), and Plaintiff has recently filed an opposition to Defendant's motion (*see* Doc. 65). Thus, Plaintiff fails to show that he has not received a copy of Defendant's motion to require another. Further, Plaintiff was ordered to provide further discovery responses to Defendant, but discovery responses are not to be filed until and unless required by the Court. Plaintiff was not required to file his further discovery response with the Court. (*See* Doc. 47.)

**IV.     Order**

   Accordingly, the Court **ORDERS:**

   1.     Plaintiff's motion requesting consideration of Defendant's summary judgment motion be postponed (Doc. 59), is **DENIED**;

   2.     Plaintiff's "Motion for First Copy of Defendant's Motion for Summary Judgment, and Statement of Opposition" (Doc. 64) is **DENIED**;

///

///

///

///

---

[3] This appears to be Plaintiff's further discovery responses in compliance with the March 31, 2018 order granting Defendant's motion to compel. (*See* Doc. 47.)

3. Plaintiff's discovery responses contained in Doc. 64 are **STRICKEN** from the record in this case.

IT IS SO ORDERED.

Dated: __**May 31, 2018**__             __**/s/ Jennifer L. Thurston**__
                                                                           UNITED STATES MAGISTRATE JUDGE